IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIE ORLANDO McKINNON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-21-1828 |
| COUNTY EXECUTIVE, et al., | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Willie Orlando McKinnon brings this civil action against the Montgomery County Executive Marc Elrich and Officer Michael Schmidt, contending that Defendants violated his constitutional rights to be free from excessive force during his arrest on January 30, 2021. ECF No. 6-1. Defendants move to dismiss the action or alternatively to stay this case pending resolution of McKinnon's state criminal matter. ECF No. 20. For the following reasons, the Court dismisses all claims except for the excessive force allegation against Defendant Schmidt, which will be stayed until the conclusion of the criminal prosecution.

**I.     Background**

The Court construes the complaint facts most favorably to McKinnon as the non-moving party. On January 30, 2021 at approximately 1:45 a.m., McKinnon exited a store and entered a car driven by Emmanuel Harried. ECF No. 6-1 at 1. Members of Montgomery County Police Department's Special Assignment Team ("SAT") immediately surrounded the car to arrest the two men. *Id.* Officers demanded that McKinnon raise his hands and place them on the car window. *Id.* Officer Schmidt next used a metal bar to shatter the car windows, striking McKinnon's right

elbow twice in the process. *Id.* Officers ultimately arrested McKinnon and charged him with theft, armed robbery, and a variety of related offenses.[1]

During post-arrest questioning, McKinnon told officers that his elbow was hurting, but none attended to his complaints. ECF No. 6-1 at 2. Ultimately, McKinnon's injuries were serious enough that he lost function in his right hand, partially paralyzing one of his fingers and causing pain in his hand and wrist. *Id.* Although McKinnon avers that the criminal charges had been "dropped," *id.* at 2, court records reflect that the criminal trial is set for January 3, 2023. *See* Case No. 138299C, Montgomery County Circuit Court, https://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=138299C&loc=68&detailLoc=ODYCRIM  (last visited July 6, 2022).

## II.     Legal Standard

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In reviewing the motion, the Court accepts the well-pleaded allegations as true and in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

---

[1] *See* Case No. 138299C, Montgomery County Circuit Court, https://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=138299C&loc=68&detailLoc=ODYCRIM (last visited July 6, 2022).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).[2]

### III. Analysis

#### A. County Executive Marc Elrich

Defendants move to Dismiss as a defendant County Executive Marc Elrich because the complaint does not aver any acts or omissions on Elrich's part. McKinnon responds that he had sued Elrich in his supervisory capacity only, and on a respondeat superior liability theory. However, it is well-settled that the doctrine of respondeat superior does not apply to claims brought pursuant to 42 U.S.C. § 1983. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials in this context "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative

---

[2] By separate correspondence, McKinnon attempts to add claims of excessive force, false imprisonment, illegal search and seizure and racial profiling, but includes no factual support. ECF Nos. 10-11, 16. Because McKinnon fails to demonstrate how these claims could survive challenge, allowing amendment would be futile. *See Katyle v. Penn Nat. Gaming, Inc.* 637 F.3d 462, 471 (4th Cir. 2011), citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) ("[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.").

3

factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)); *see also Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

McKinnon's Amended Complaint fails to plead any facts that plausibly support a claim of supervisory liability against Elrich. Moreover, even if the Court assumes that McKinnon wanted to sue Montgomery County through its Chief Executive, nothing in the Amended Complaint makes plausible that any alleged constitutional violations stemmed from any County policy, custom, or practice. *See Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 691, 694 (1978). Thus, Elrich must be dismissed from this suit.

### B. Officer Michael Schmidt

As to Officer Schmidt, the Amended Complaint challenges that he exercised excessive force during McKinnon's arrest, inflicted cruel and unusual punishment, and violated McKinnon's equal protection rights. ECF No. 6-1. The Court considers each allegation separately.

#### 1. Equal Protection Claim

As for the equal protection claim, the Amended Complaint must make plausible that, at a minimum, Defendant Schmidt treated McKinnon differently than his similarly situated peers. *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985); *see Williams v. Bitner*, 307 Fed. App'x. 609, 611 (3d Cir. 2009) (citing *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985)). Nothing in the Amended Complaint meets that basic requirement. Thus, any equal protection challenge must be dismissed.

#### 2. Cruel and Unusual Punishment Claim

Next, as to the challenged punishment claim, the Amended Complaint simply avers that while McKinnon was detained and questioned, he told officers including Defendant Schmidt that

his elbow hurt. From this, the Court cannot find that his detention amounted to "cruel and unusual punishment." Although McKinnon invokes the Eighth Amendment, his claim is properly analyzed under the Fourteenth Amendment because it involves his pretrial detention. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Indeed, "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citing *Bell*, 441 U.S. at 538-40). Rather, in the pretrial detention context, the plaintiff must make plausible that his detention amounted to unconstitutional punishment inflicted by officers whose express intent had been inflicting punishment, or that the conduct was not reasonably related to a legitimate, non-punitive goal. *Bell*, 441 U.S. at 538-39 (restrictions or conditions that are arbitrary or purposeless may be considered punishment).

The Amended Complaint falls far short. Simply because the officer expressed little concern for McKinnon's painful elbow does not make plausible that the officer was motivated by a desire to punish McKinnon. The factual averments are simply too bare bones to support an inference of any intent to harm. The claim is thus dismissed.

### 3. Excessive Force

Last, Defendant Schmidt argues that the excessive force claim should be stayed pending resolution of McKinnon's criminal case, pursuant to *Younger v. Harris,* 401 U.S. 37 (1971). ECF No. 20-1 at 14. The *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings" if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008); *accord United States v. South Carolina*, 720 F.3d

518, 527 (4th Cir. 2013). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F.Supp.2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)).

Although McKinnon's criminal trial has been postponed, the charges were brought prior to the filing of the Complaint in this case. ECF No. 27-1 at 3-4. Further, the state maintains a vital interest in the prosecuting McKinnon in the pending criminal matter. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987) (in applying the *Younger* doctrine, noting the important interest that states have "in the enforcement of its criminal laws"). "[W]here the state criminal prosecution is pending, the comity concerns of *Younger* … and its progeny require abstention where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989).

This is that circumstance. In the criminal matter, McKinnon has moved to suppress all evidence arising from his warrantless arrest and seizure of his person, in violation of his Fourth Amendment rights. ECF No. 20-7 at 5-6. Litigating that suppression motion necessarily will involve exploring circumstances surrounding McKinnon's arrest, including whether and why law enforcement exerted the kind of force that forms the basis of McKinnon's civil claims. Accordingly, this Court will exercise its discretion to stay the civil matter pending resolution of the criminal action.

### IV. Conclusion

Defendants' Motion is granted in part. Defendant Elrich is dismissed from the action. As to Defendant Schmidt, the equal protection and cruel and unusual punishment claims are dismissed. The Court will stay the excessive force claim against Schmidt pending resolution of

6

the state criminal action. By no later than **January 13, 2023**, Schmidt shall file a status report on the outcome of the state criminal case.

    A separate Order follows.

| | |
|---|---|
| 7/12/22 | /S/ |
| Date | Paula Xinis<br>United States District Judge |